# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| SAMUEL TAYLOR FREE | CIVIL ACTION NO. 17-918 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LEASA G. WINBORNE | MAGISTRATE JUDGE HAYES |

## RULING

Before the Court is a "Motion for Leave to File Interlocutory Appeal," [Doc. No. 1], filed by Appellant Samuel Taylor Free. For reasons assigned below, the Motion is DENIED, and the appeal is DISMISSED WITHOUT PREJUDICE.

**I.      Factual and Procedural Background**

Appellee Leasa G. Winborne filed suit in Franklin Parish on August 20, 2015, alleging that Appellant wrongfully converted her business assets and revenues. After a trial, the state court entered a judgment in Appellee's favor for $42,071.00.

On February 16, 2017, Appellant filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Western District of Louisiana. *In re Free*, No. 17-30245 (Bankr. W.D. La. filed Feb. 16, 2017). Appellee filed an unsecured proof of claim in that proceeding evidencing her state court judgment.

On April 6, 2017, Appellee filed an adversary complaint against Appellant, asking the bankruptcy court to find her claim nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6). *Winborne v. Free* (*In re Free*), No. 17-30245, Adv. No. 17-3009 (filed April 6, 2017). According to her complaint, the Appellee's husband, James C. Winborne, and the Appellant

were the sole members of two companies, Turkey Creek Holding Company, LLC ("TCHC") and Turkey Creek Appraisal Services, LLC ("TCAS"). TCHC was involved in the sale of real estate, and TCAS was involved in real estate appraisals. The two members each owned 50% of both companies. Mr. Winborne died on October 30, 2014. According to Appellee, she was placed into possession of her deceased husband's 50% interest in both companies pursuant to a judgment of possession entered in the initial state court proceeding. Both companies continued business until January 25, 2015.

On June 25, 2015, Appellant formed a new company, Sam Free Appraisals, LLC, which allegedly continued TCAS's appraisal business. The Appellee alleged that the new business willfully diverted business from TCAS into the new company. She alleged that the Appellant never paid her for her 50% ownership share from November of 2014 to June 25, 2015, nor did he pay her 50% of the income from the new business.

On May 8, 2017, in the adversary proceeding, Appellant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). He argued that Appellee did not state a claim pursuant to 11 U.S.C. §§ 523(a)(2) or (a)(6). On June 21, 2017, the bankruptcy court granted Appellant's motion in part and dismissed Appellee's claim under 11 U.S.C. § 523(a)(2). The court, however, denied Appellant's motion in part, ruling that Appellee did state a claim under 11 U.S.C. § 523(a)(6).

Appellant also moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Appellee should be collaterally estopped from litigating her claims. The court denied the motion and ruled that the prior state court judgment "turned on" state law, whereas the issue at bar then arose under the bankruptcy code.

On June 27, 2017, Appellant moved for leave to appeal the bankruptcy court's interlocutory orders[1] denying his motion to dismiss in part and his motion for judgment on the pleadings. [Doc. No. 1].

## II. Law and Analysis

District courts have jurisdiction to hear appeals from interlocutory bankruptcy court orders and decrees, but the district courts must first grant appellants leave to appeal. 28 U.S.C. § 158(a)(3). Section 158 does not provide a standard to guide district courts' discretion in deciding whether to grant leave. Although the Fifth Circuit has expressly reserved the question,[2] district courts within the Fifth Circuit look to the factors under 28 U.S.C. § 1292(b) to determine whether to grant leave.[3] Thus, an appellant seeking review of an interlocutory order must show that: (1) the question involved is one of law;[4] (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the bankruptcy court's

---

[1] *Matter of Ichinose*, 946 F.2d 1169 (5th Cir. 1991) (holding that an order denying a debtor's motion to dismiss nondischargeability complaint was interlocutory); *Int'l Forwarding Co. v. Brewer*, 181 F.2d 49 (5th Cir. 1950) (referring to an order denying judgment on the pleadings as interlocutory).

[2] *See Matter of Ichinose*, 946 F.2d at 1169.

[3] *See Matter of Ichinose*, 946 F.2d at 1177 (noting that district courts routinely follow § 1292(b) when considering whether to grant an interlocutory appeal of a bankruptcy court order); *see, e.g.*, *Swank v. L & J Tr.*, 2010 WL 2218181, at *2 (W.D. La. May 28, 2010); *Chartis Specialty Ins. Co. v. Askanase*, 2011 WL 1237939, at *2 (S.D. Tex. Mar. 31, 2011); *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011); *Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 289 (W.D. La. 2010); *Chambers v. First United Bank & Trust Co.*, 2008 WL 5141264, at *1 (E.D. Tex. Dec. 5, 2008).

[4] "In the interlocutory-appeal context, '[t]he question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Thompson v. N. Mississippi Spine Ctr., Inc.*, 2017 WL 1226058, at *1 (N.D. Miss. Mar. 30, 2017) (quoting *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012)).

decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

"The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O'Connor*, 258 F.3d 392, 399-400 (5th Cir. 2001) (citation omitted). "Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted); *see Gallinghouse v. Black,* 2016 WL 3033667, at *3 (E.D. La. May 27, 2016). Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances. *See Sims*, 425 B.R. at 290; *In re Turner*, 1996 WL 162110, at *1 (E.D. La. Apr. 3, 1996); *Barkley v. U.S. ex rel U.S. Dep't of Treasury*, 2007 WL 3445136, at *3 (W.D. La. Nov. 13, 2007). Specifically, "The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after final judgment." *In re Delta Produce*, 2013 WL 3305537, at *2 (W.D. Tex. June 28, 2013).

Here, Appellant fails to demonstrate exceptional circumstances to justify granting leave to appeal.[5] Appellant identifies no evidence, and presents no argument, that an appeal would

---

[5] *See Barkley*, 2007 WL at *4 (denying leave to appeal because the debtor failed to address the factors governing the court's discretion); *In re Hunt Int'l Res. Corp.*, 57 B.R. at 373; *In re Verges*, 2007 WL 955042, *1 (E.D. La. 2007); *Powers v. Montgomery*, 1998 WL 159944, at *2 (N.D. Tex. Apr. 1, 1998); *In re Consol. Companies, Inc.*, 1992 WL 96328, at *1 (E.D. La. Apr. 30, 1992).

materially advance the ultimate resolution of the matter.[6]  Similarly, Appellant does not offer any argument or authority that the order from which he seeks relief involves a controlling question of law as to which there is a substantial ground for difference of opinion.[7]  Instead, Appellant simply disagrees with the bankruptcy court's choice of law, application of law, and ultimate decision.[8]

---

[6] Given that the trial in the adversary proceeding is scheduled for November 16, 2017, and that the parties would still have to submit briefs prior to the Court considering the appeal, granting leave to appeal a denial of a motion to dismiss and motion for judgment on the pleadings would likely delay, rather than materially advance, the ultimate termination of the litigation.  See Fed. R. Bankr. P. 8018 (outlining briefing schedule).  See In re Avado Brands, Inc., 2007 WL 2241660, at *1 (N.D. Tex. Aug. 3, 2007) ("[F]rom a judicial economy perspective, granting the motion for leave will . . . keep the bankruptcy proceedings in limbo for an indeterminate period of time. While the court is not unsympathetic to the burdens placed on the appellants through continued litigation, those burdens are insufficient to overcome the general presumption against interlocutory review.").

[7] See DuPree v. Kaye, 2008 WL 294532, at *3 (N.D. Tex. Feb. 4, 2008) ("[C]ourts have found substantial ground for difference of opinion where: a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.  But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.") (internal quotation marks and quoted source omitted); see N. Fork Bank v. Abelson, 207 B.R. 382, 390 (E.D.N.Y. 1997) ("For there to be substantial grounds for difference of opinion regarding an issue, it must involve more than strong disagreement between the adversary parties. For example, there are substantial grounds for difference of opinion when the issue is difficult and of first impression.") (internal quotation marks and quoted source omitted).

[8] See DuPree, 2008 WL at *3 ("Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement."); Sims, 425 B.R. at 295 ("[M]ere disagreement with the court's determination does not create a substantial grounds for difference of opinion."); Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006) ("[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement."); COMM 2013 CCRE12 Crossing Mall Rd., LLC v. Tara Retail Grp., LLC, 2017 WL 2837015, at *4 (N.D.W. Va. June 30, 2017) (denying leave to appeal in part because the appellant simply disagreed with

### III. Conclusion

For the reasons stated above, Appellant's Motion for Leave to File Interlocutory Appeal, [Doc. No. 1], is DENIED, and Appellant's appeal is DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 18th day of August, 2017.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

the bankruptcy court's reasoning and holding).